UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| TONI LEE, ) | |
| ) | |
| Petitioner, ) | Case Nos.  4:12-CV-55-HSM-CHS |
| ) | 4:11-CR-25-5-HSM-CHS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

Petitioner Toni Lee ("Petitioner"), a federal prisoner, filed a pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (the "2255 Motion") [Doc. 231].[1] Respondent United States of America (the "Government") filed a response in opposition to the 2255 Motion [Doc. 260]. For the reasons that follow, the Court finds an evidentiary hearing is not necessary and DENIES this 2255 Motion.

## I. STANDARDS

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is limited, however, to: (1) errors involving lack of jurisdiction; (2) constitutional violations; and (3) those non-constitutional errors constituting "fundamental defect[s] which

---

[1] All citations to the district court record are to the docket of Case No. 4:11-cr-25, which is the underlying criminal case.

1

inherently result[] in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348-49 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see also United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts requires a district court to summarily dismiss a § 2255 motion if "it plainly appears from the face of the motion, the attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief." *See also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) ("A motion to vacate sentence under § 2255 can be denied for the reason that it states "only bald legal conclusions with no supporting factual allegations.") (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). If the motion is not summarily dismissed under Rule 4(b), Rule 8 requires the court to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine*, 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

II.     **BACKGROUND**

On August 23, 2011, Petitioner was indicted on one count of conspiring to manufacture and distribute fifty grams or more of methamphetamine and 500 grams of more a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and (b)(1)(C) and 846 [Indictment, Count One, Doc. 1]. She was also indicted on one count of

2

conspiring to possess pseudoephedrine for purposes of making methamphetamine in violation of 21 U.S.C. §§ 841(c)(2) and 846. Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the indictment [Report and Recommendation, Doc. 106; Plea Agreement, Doc. 105, p. 1]. In her plea agreement, Petitioner admitted to having a prior drug felony and to purchasing 119 grams of pseudoephedrine [Plea Agreement, Doc. 105, p. 3]. The Plea Agreement further provides that, if Petitioner's case went to trial, a Drug Enforcement Agency expert would testify that 119 grams of pseudoephedrine could be used to manufacture approximately 59 grams of methamphetamine. *Id.* The Petitioner's Plea Agreement also provides in relevant part:

> 14. (a) In consideration of the concessions made by the United States in this agreement and as further demonstration of the defendant's acceptance of responsibility for the offenses(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range of any applicable mandatory minimum sentence (whichever is greater) determined by the district court.
>
> (b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

[Doc. 105, p. 8-9].

Finding Petitioner responsible for 59 grams of methamphetamine (actual) based on the plea agreement, the probation officer determined that Petitioner's base offense level was 32 (PSR at ¶ 18). After a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 29 (*Id.* at ¶¶ 24, 27). With three prior criminal history points, Petitioner's criminal history category was II, resulting in an advisory Guidelines range of 97 to 121 months' imprisonment (*Id.* at ¶¶ 33, 54). However, because she had at least one prior felony drug

3

conviction regarding which the United States had filed a timely § 851 notice of enhancement, the statutory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) was twenty years, for an effective Guidelines range of 240 months (*Id.* at ¶¶ 52-54). The United States filed a motion for downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and, on March 5, 2012, Petitioner was sentenced to 151 months' imprisonment and ten years of supervised release [Gov.'s Motion for Downward Departure, Doc. 152; Judgment, Doc. 157]. The Court explained that it had valued Petitioner's assistance as warranting a three-level reduction in the applicable Guidelines range [Sentencing Transcript, Doc. 216, p. 7]. Petitioner did not file a direct appeal but timely filed a § 2255 motion on August 13, 2012 [2255 Motion, Doc. 231].[2]

### III. ANALYSIS

Petitioner asserts that the Court committed error when it sentenced her by not giving her a three level reduction for her acceptance of responsibility. She asks that her sentence be reduced from 151 months to 108 months and from a term of supervised release of 10 years to 5 years. Petitioner does not argue ineffective assistance of counsel or prosecutorial misconduct nor does she contend she did not knowingly and voluntarily enter into her plea agreement.

It is well settled that criminal defendants may waive any statutory or constitutional right in a plea agreement, so long as the waiver is knowing and voluntary. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). Indeed, the Sixth Circuit has specifically held that "a defendant's informed and voluntary waiver of the right to

---

[2] On February 5, 2015, Petitioner moved for a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(2)[Doc. 274]. The Court granted this motion on August 3, 2015 reducing her sentence from 151 months to 49 months. According to the Federal Bureau of Prisons, Petitioner is due for release on November 2, 2015.

4

collaterally attack a sentence in a plea agreement bars [§ 2255] relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *see also Clark v. United States*, No. 4:02-CR-9, 2006 WL 3511148, at *5 (E.D. Tenn. Dec. 1, 2006) (explaining that a "waiver in a plea agreement not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 is an effective means to bar such relief"). The plea agreement at issue in *Watson* specifically stated that "defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255." 165 F.3d at 487. Notwithstanding that provision, Watson filed a § 2255 motion asserting five separate claims; the district court denied the § 2255 motion, and Watson appealed. *Id.* at 487-88. The Sixth Circuit affirmed the denial of the § 2255 motion, explaining that "Watson waived the right to collaterally attack his sentence in his plea agreement." *Id.* at 488. Because of the waiver, it was "unnecessary to address the merits of the five issues raised by this appeal." *Id.*; *accord Davila*, 258 F.3d at 451 (citing *Watson* for the proposition that "a waiver in a plea agreement did not allow the defendant to bring a collateral attack under 2255").

In the instant case, Petitioner waived her right to challenge her sentence pursuant to 28 U.S.C. § 2255 except for ineffective assistance of counsel or prosecutorial misconduct. Petitioner has not raised ineffective assistance of counsel or prosecutorial misconduct. Therefore, it is clear on the face of this 2255 Motion and the record before the Court that this 2255 Motion should be denied.

**IV. CONCLUSION**

For the reasons stated herein, the Court finds no evidentiary hearing is necessary for this motion brought pursuant to 21 U.S.C. § 2255, and the Court concludes on the basis of the record before it that Petitioner is not entitled to relief.  Her 2255 Motion is therefore DENIED.

SO ORDERED.

ENTER.

_/s/ Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
